UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO TALDEML,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>               Defendants. | Case No. 23-cv-00477-HSG<br><br>**ORDER VACATING ORDER OF DISMISSAL AND JUDGMENT; DIRECTING CLERK TO REOPEN CAUSE; DISMISSING ACTION WITH PREJUDICE**<br><br>Re: Dkt. Nos. 7, 8, 9 |

Plaintiff, an inmate housed at California State Prison – Solano County, filed this *pro se* action. Dkt. No. 1. On March 16, 2023, the Court dismissed this action because Plaintiff had not filed a complaint and he had not paid the filing fee or submitted a complete *in forma pauperis* application. Dkt. No. 7, 8. That same day, the Court docketed a complaint and *in forma pauperis* application. Dkt. Nos. 9, 11. Because Plaintiff has corrected the deficiencies that required closure of this action, the Court directs the Clerk to VACATE the Order of Dismissal and related judgement and REOPEN this case. For the reasons set forth below, the Court DISMISSES this action with prejudice. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**I.**  **Reopening Case**

The Court's dismissal of this action was without prejudice to Plaintiff moving to reopen the action and addressing the failure to file a complaint and failure to either pay the filing fee or file an *in forma pauperis* application. Dkt. Nos. 7, 8. Plaintiff has filed a complaint, Dkt. No. 9, and a complete *in forma pauperis* application, Dkt. No. 11. Accordingly, the Court orders the

1  Clerk to VACATE the Order of Dismissal and related judgment, Dkt. Nos. 7, 8; and REOPEN this
2  action.

**II.  Screening**

As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of Plaintiff's complaint, Dkt. No. 9.

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

Plaintiff has filed a complaint for the relief pursuant to 42 U.S.C. § 1983. Dkt. No. 9. The complaint names "The United States District Court for the Northern District of California" as the

sole defendant. Dkt. No. 9 at 1. The complaint states that Plaintiff has not sought relief for his claims through the grievance procedure because he is "in receivership of application Civil Rights Act. Title 42 § U.S.C. 1983 as of 2/12/2023 CSP Solano Dept. (CDCR) Departmental." Dkt. No. 9 at 1-2. The complaint lists various legal terms and constitutional provisions, e.g. "violations of his 5th, 6th, 8th, and 14th Amendment. CA. Const. US. Constitution (Equal Protection) of Law," "defendant charged in a case of variance fraudal (sic) records did established such false evidence subsequently evidences insufficient," "rights to confrontation to face his accusers depraved jury to be subquester." Dkt. No. 9 at 2-3. But the complaint does not specify what actions or inactions violated the federal constitutional provisions or legal concepts cited.

### C. Dismissal with Prejudice

The complaint fails to state a cause of action. Plaintiff cannot bring a Section 1983 action against the United States District Court for the Northern District of California because it is not a state actor. This dismissal is with prejudice because granting leave to amend would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend). If Plaintiff is seeking to the challenge the validity of the conviction for which he in custody, he must file a petition for a writ of habeas corpus. The Clerk shall send Plaintiff two copies of the court's petition for a writ of habeas corpus form.

### CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court orders the Clerk to VACATE the Order of Dismissal and related judgment. Dkt. Nos. 7, 8; and REOPEN this action.

2. The Court DISMISSES this action with prejudice.

3. The Clerk shall send Plaintiff two copies of the court's petition for a writ of habeas corpus form.

//
//
//
//

4. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, terminate all pending motions as moot, and close this case.

**IT IS SO ORDERED.**

Dated: 5/2/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge